**STATE of Minnesota, Respondent,**

v.

**Ivadell C. FARRELLS, Appellant.**

**No. C7–84–1980.**

Court of Appeals of Minnesota.

June 4, 1985.

Review Denied July 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

Appellant Ivadell Farrells was convicted of assault in the second degree, Minn.Stat. § 609.222 (1982). Her conviction stemmed from an incident on August 17, 1983 when she fired a gun at her neighbor as he was on his way to work. The neighbor, James Reuter, testified that he saw appellant had a sinister, scorning expression on her face and that she had a gun, raised it, and pointed it at him. Reuter testified that he immediately ducked down in the car and accelerated quickly and heard a gun shot. He drove to the Plymouth Police Department. The police quickly obtained a search warrant and went to appellant's home where they recovered appellant's .38 caliber gun and a spent cartridge from the gun. Appellant made several voluntary statements to the police and admitted that she "shot at her neighbor" but "had fired wide."

Appellant was determined to be mentally ill and was committed to the Anoka State Hospital, but was later found to be not mentally ill and dangerous and found competent to stand trial. She waived her right to a jury trial, and at the court trial she claimed she was not guilty and not guilty by reason of insanity. She claimed at trial that she wasn't aiming at anybody, but was just trying to get the attention of the Minneapolis Police Department when she fired the shot. At the conclusion of the trial, the court found the State had proven the elements of assault in the second degree beyond a reasonable doubt. The issue of mental illness was stipulated to be submitted on prior reports from mental examinations and the testimony at trial and other hearings. Appellant later withdrew the insanity defense and the court found appellant guilty of assault in the second degree. Appellant was sentenced to the mandatory minimum term of 36 months, but the trial court departed dispositionally by staying execution of sentence and placing appellant on probation for five years. Probation was conditioned on appellant's serving one year in the workhouse and upon her having no contact with her neighbors. The State did not appeal the downward departure.

### DECISION

The contention that the evidence was insufficient to sustain the trial court's determination that appellant was guilty of assault in the second degree is without merit. Appellant challenges the finding that she had the requisite intent. The record amply supports the finding that appellant had the requisite intent "to cause fear in another of immediate bodily harm." Minn.Stat. § 609.02, subd. 10(1) (1982).

Affirmed.